**KENTUCKY STATE BAR ASSOCIATION, Petitioner,**

**v.**

**James P. RAMSEY, Respondent.**

Court of Appeals of Kentucky.

June 13, 1969.

Paul Ronald Mahoney, General Counsel, Kentucky State Bar Ass'n, Frankfort, for petitioner.

James P. Ramsey, pro se.

2. See footnote 1, supra.

PER CURIAM.

James P. Ramsey has been charged, pursuant to RCA 3.530, with the unlawful practice of law. A Special Commissioner was appointed who heard testimony and found that Ramsey had previously been a member in good standing of the Kentucky State Bar Association; that he had not paid any dues to the Association since 1962; that on March 18, 1968 he appeared as attorney for two defendants in the Pike Circuit Court, and that in August 1968 he filed an affidavit in that court in which he identified himself as an attorney at law. The affidavit was to the effect that he had been appointed by the court to represent one Russell Tackett at the time of his sentencing.

On the morning of the day on which the hearing was held by the Commissioner, he received a telephone call from someone who identified himself as James P. Ramsey. The caller advised that he was unable to appear because he was not mentally or emotionally fit to make the trip. Upon being advised that it would be necessary to hold the hearing in any event, the caller stated that he had no wish to delay the hearing but wanted to express his regrets that he could not appear.

The Special Commissioner concluded that Ramsey was guilty of three violations of KRS 30.010, practicing law without a license, and recommended that he be fined $25 on each of the three charges; that the respondent "refrain from the practice of law in any manner until he shall become reinstated in the Kentucky State Bar Association by paying to said Association his dues for all the years during which he had been delinquent in such payment," and that he pay the cost of the action which is provided under RCA 3.530 (5). The record sustains the findings and the conclusions of the Special Commissioner. It is adjudged that the rule heretofore issued be made absolute; that the respondent is guilty of contempt, and that the contempt may be purged by obeying the recommendations of the Special Commissioner, which are now approved.

All concur.